UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL WHITFIELD,<br><br>　　　　　　　Petitioner,<br>　v.<br>NETHANJAH BRUTENBACH,<br><br>　　　　　　　Respondents. | Case No. 3:23-cv-00305-ART-CLB<br><br>ORDER |

Petitioner Michael Whitfield, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Petitioner's Application to Proceed *in forma pauperis* (("IFP") ECF Nos. 7, 11). For the reasons discussed below, the Court directs service of the petition, instructs Respondents to respond, and grants Petitioner's IFP Application.

**I.　IFP Application**

The Court has considered Petitioner's IFP application along with the attached financial documents and concludes that he cannot pay the $5.00 filing fee. The IFP application will therefore be granted.

**II.　Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

Petitioner challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County. *State of Nevada v. Whitfield*, Case No. CR19-1482.[2] The state court entered a judgment of conviction for one count of battery with the use of a deadly weapon causing substantial bodily harm and three counts of obtaining or possessing a credit or debit card without the cardholder's consent and sentenced Petitioner to an aggregate term of 7 to 19 years. The Nevada Supreme Court affirmed the conviction. In March 2021, Petitioner filed a state petition for writ of habeas corpus. The state court denied post-conviction relief and the Nevada Court of Appeals affirmed the denial of relief in May 2023, and a remittitur issued the following month.

In June 2023, Petitioner initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) His petition alleges claims for relief under the United States Constitution. Having conducted an initial review, the Court will direct service of the petition and a response.

**III.  Conclusion**

It is therefore ordered that Petitioner's Application to Proceed *In Forma Pauperis* (ECF Nos. 7, 11) is GRANTED. Petitioner is permitted to maintain this action to conclusion without paying the filing fee.

It is further ordered that the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the notice of electronic filing to the Nevada Attorney General's office only.

The Clerk of Court is further instructed to file Petitioner Michael Whitfield's

---

[2] The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts.  The docket records may be accessed by the public online at: https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Petition for Writ of Habeas Corpus (ECF No. 1-1).

It is further ordered that Respondents will have 60 days from the date the petition is electronically served to appear in this action and answer or otherwise respond to the petition.

It is further ordered that Petitioner will have 60 days following service of the answer to file and serve a reply brief. If any motion is filed, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a

separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the court.

DATED THIS 5th day of March 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE