UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL WHITFIELD,

Petitioner,

v.

NETHANJAH BRUTENBACH,

Respondents.

Case No. 3:23-cv-00305-ART-CLB

ORDER

This habeas matter is brought by Petitioner Michael Whitfield. Respondents filed a Motion to Dismiss (ECF No. 35) Ground 1 of the first amended petition as untimely. Also before the Court is Respondents' Motion to Seal (ECF No. 32). For the reasons discussed below, the Court denies Respondents' Motion to Dismiss and grants Respondents' Motion to Seal.

## I.    **Background**

Whitfield challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County. The state district court entered a judgment of conviction for one count of battery with the use of a deadly weapon causing substantial bodily harm and three counts of obtaining or possessing a credit or debit card without the cardholder's consent and sentenced Whitfield to an aggregate term of 7 to 19 years. The Nevada Supreme Court affirmed the conviction on direct appeal. Petitioner filed a state petition for writ of habeas corpus. The state court denied post-conviction relief and the Nevada Court of Appeals affirmed the denial of relief.

Whitfield initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1.) Following appointment of counsel, Whitfield filed a first amended petition alleging two claims for relief.

///

1

## II.    Discussion

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading. Fed. R. Civ. P. 15(c). An untimely amendment properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence." *Id.* "Relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

New claims in an amended habeas petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Mayle*, 545 U.S. at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008). Rather, to properly relate back, a new claim must arise from the same collection of facts alleged in the earlier petition. *Mayle*, 545 U.S. at 661; *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common *core* of operative facts."). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Mayle*, 545 U.S. at 650. The Court is "obligated to 'liberally construe[ ] documents filed *pro se*,'" like Whitfield's original petition. *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (*en banc*).

In Ground 1, Whitfield alleges that the State failed to exercise constitutionally reasonable diligence in procuring, Robert Ash ("Ash"), a witness's attendance at trial. ECF No. 21 at 17. He alleges that his Confrontation Clause rights were violated because the state district court admitted Ash's preliminary hearing testimony. Whitfield asserts that Ground 1 references the same facts and

legal arguments set forth in Ground 3 of his *pro se* petition. Respondents argue that Ground 1 does not relate back to Ground 3 asserted in Whitfield's *pro se* petition because Ground 3 is an ineffective assistance of counsel claim and Ground 1 is a substantive claim. ECF No. 42 at 3.

In Ground 3 of his *pro se* petition, Whitfield alleges that the state district court asked the State "in confirmation do they intend to present any evidence of the [S]tate's efforts to bring the victim/witness," and the State, "simple said no, I think those are irrelevant." ECF No. 13 at 7. In addition, Ground 3 of Whitfield's *pro se* petition pincited to *United States v. Matus-Zayas*, 655 F.3d 1092, 1100 (9th Cir. 2011), which provides that the defendant "contends that his Confrontation Clause rights were violated when the videotaped deposition testimony was admitted at trial despite the fact the government never provided evidence to establish the material witnesses were unavailable." Relying on *Matus-Zayas*, Whitfield provided that "the government failed to present any evidence at trial to establish that efforts were made to procure the witness's presence." ECF No. 13 at 7.

The Court finds that Ground 1 is tied to the same core of operative facts as alleged in Whitfield's timely-filed *pro se* petition. The common core of operative facts is the State's failure to procure the victim witness to testify and the admission of the witness's preliminary hearing testimony. *See, e.g.*, *Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (ineffective assistance claim based on failure to raise double jeopardy related back to timely-raised substantive double jeopardy claim), *abrogation on other grounds recognized by Ross v. Williams*, 950 F.3d 1160, 1168 (9th Cir. 2020) (en banc). Accordingly, Respondents' Motion is denied as to Ground 1.

### III. Motion to Seal

Respondents seek leave to file an exhibit under seal (ECF No. 32): Exhibit 88, Petitioner's Presentence Investigation Report ("PSI") (ECF No. 33-1),

dated March 20, 2019. Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5). Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Accordingly, Respondents' Motion is granted and Exhibit 88 is considered properly filed under seal.

**IV.   Conclusion**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 35) is denied.

It is further ordered that Respondents' Motion to Seal (ECF No. 32) is granted. Exhibit 99 is considered properly filed under seal.

It is further ordered that Respondents have 60 days from the date of entry of this order to file their answer. Whitfield will have 30 days from the date on which the answer is served to file a reply.

DATED THIS 26th day January 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4